UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **ED CV 15-104-JFW (DTBx)**                                Date:  July 23, 2015

Title:      Krishna Reddy -v- Gilbert Medical Transcription Service, Inc., et al.

PRESENT:

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING MOTION BY DEFENDANTS ARTHUR J. GALLAGHER & CO. AND GALLAGHER BENEFIT SERVICES TO DISMISS COMPLAINT [filed 6/4/2015; Docket No. 12];

ORDER GRANTING MOTION BY DEFENDANT FELICIA SLATTERY TO DISMISS COMPLAINT [filed 6/4/2015; Docket No. 13];

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ACTION DUE TO FAILURE TO COMPLY WITH VEXATIOUS LITIGANT ORDER [filed 6/8/2015; Docket No. 15]

On June 4, 2015, Defendants Arthur J. Gallagher & Co. and Gallagher Benefit Services filed a Motion to Dismiss Complaint.  On July 7, 2015, Plaintiff filed an Opposition, and Cross-Motion to Strike the Insufficient Defenses of the Defendants, and for Judgment for the Plaintiff for Failure of the Defendants to State a Valid Legal Defense to Plaintiff's Claims.  On July 13, 2015, Defendants Arthur J. Gallagher & Co and Gallagher Benefit Services filed a Reply.

On June 4, 2015, Defendant Felicia Slattery filed a Motion to Dismiss Complaint.  On July 7, 2015, Plaintiff Krishna Reddy ("Plaintiff") filed an Opposition and Cross-Motion to Strike the Insufficient Defenses of the Defendants, and for Judgment for the Plaintiff for Failure of the Defendants to State a Valid Legal Defense to Plaintiff's Claims.  On July 13, 2015, Defendant Felicia Slattery filed a Reply.

On June 8, 2015, Defendants Felicia Slattery, Arthur J. Gallagher & Co., and Gallagher

Benefit Services (collectively, "Defendants") filed a Motion to Dismiss Action Due to Failure to Comply with Vexatious Litigant Order. On July 7, 2015, Plaintiff filed an Opposition and Cross-Motion for Sanctions with a Default Judgment Against the Defendants and Disbarment of their Attorneys. On July 13, 2015, Defendants filed a Reply.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for July 27, 2015 is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I. **DEFENDANTS ARTHUR J. GALLAGHER & CO. AND GALLAGHER BENEFIT SERVICES' MOTION TO DISMISS COMPLAINT**

Defendants Arthur J. Gallagher & Co. and Gallagher Benefit Services move to dismiss under Federal Rule of Civil Procedure 12(b)(6), on the grounds, in relevant part, that Plaintiff's claims are barred by the relevant statutes of limitations.

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to

amend should be freely granted.  *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility.  *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

The Court concludes that Plaintiff's claims against Defendants Arthur J. Gallagher & Co. and Gallagher Benefit Services are barred by the applicable statutes of limitations, the longest of which is four years.  Indeed, the wrongful acts allegedly committed by Defendants Arthur J. Gallagher & Co. and Gallagher Benefit Services occurred in 2007 and early 2008, and this action was not filed until January 16, 2015, more than four years later. Although Plaintiff claims that she has alleged new claims based on "newly discovered" evidence, the Court concludes that none of the "newly discovered" evidence is material, and that these "new" claims accrued in early 2008.

Finally, the Court concludes that equitable tolling is inapplicable.  Plaintiff argues that the statues of limitations were tolled during the pendency of a prior action she filed in this Court (Case No. 10-CV-524-JFW), and during the pendency of an action she filed in the Middle District of Florida (Case No. 13-CV-1304-GKS).  However, Defendants Arthur J. Gallagher & Co. and Gallagher Benefit Services were not named in the prior action filed by Plaintiff in this Court, and the action in the Middle District of Florida was not filed until August 26, 2013, more than five years after the relevant conduct occurred.

Accordingly, Defendants Arthur J. Gallagher & Co. and Gallagher Benefit Services' Motion to Dismiss Complaint is **GRANTED**.  Plaintiff's Complaint against Defendants Arthur J. Gallagher & Co. and Gallagher Benefit Services is **DISMISSED with prejudice.**

## II.	DEFENDANT FELICIA SLATTERY'S MOTION TO DISMISS COMPLAINT

Defendant Felicia Slattery moves to dismiss Plaintiff's Complaint against her on the grounds, in relevant part, that the Court lacks personal jurisdiction over her.

This Court has already concluded that it lacks personal jurisdiction over Defendant Felicia Slattery in an Order dated May 6, 2010 in Case No. 10-CV-524-JFW, and the Court concludes that Plaintiff is precluded from re-litigating the issue of personal jurisdiction.  "It is well settled that the principles of *res judicata* apply to the issue of *in personam jurisdiction* in the same manner as any other issue." *Kendall v. Overseas Development Corp.*, 700 F.2d 536, 538 (9th Cir. 1983). Accordingly, a final determination in federal court on the jurisdictional issue is conclusive in subsequent federal litigation "if the later suit is between the same parties, on the same issue, and if the issue sought to be precluded was actually litigated and necessary to the prior determination."  *Id.*

As noted, this Court concluded that it lacked personal jurisdiction over Defendant Felicia Slattery in an Order dated May 6, 2010 in Case No. 10-CV-524-JFW.  This action, as admitted by Plaintiff, arises out of the same transactional nucleus of facts as the prior action, and Plaintiff alleges that Felicia Slattery committed the same wrongful acts as she alleged in the prior action. *See* Complaint in Case No. 10-CV-524-JFW at ¶ 17 ("When I called defendant Felcia Slattery to

request her to provide me with a California plan, she inflated that already inflated premium to $761 and told me that with that insurance plan, I needed to go to Florida for all my healthcare needs!  it is my belief that Carole Gilbert and Felicia Slattery conspired to add GMTS' share of the premium to my share by inflating the premium by $200 to $553, and that Ms. Slattery, inflated it one more time by adding another $200 to my premiums . . . ."); Complaint in this action at ¶ 19 ("However, [Felicia Slattery] inflated that already inflated premium to $761 and told me that with that insurance plan, I needed to go to Florida for all my healthcare needs!  From the evidence that I received from the defendants during discovery in the prior case, it was apparent that both Carole Gilbert and Felicia Slattery, though had a plan for $338 to offer me, misrepresented to me that plan for $553 was the only plan that GMTS was able to offer to me! They thus conspired to add GMTS' share of the premium to my share by inflating the premium to $553, and Ms. Slattery apparently inflated it one more time by adding another $200 dollars to my premiums, which would explain the discrepancy of almost $200 . . . .").

Plaintiff appealed the Court's ruling on personal jurisdiction in the prior action, and the Ninth Circuit affirmed the Court's dismissal for lack of personal jurisdiction.  *See Reddy v. Gilbert Medical Transcription Service, Inc.*, 467 Fed. Appx. 622, 623 (9th Cir. Jan. 26. 2012) ("The district court properly dismissed defendant Slattery for lack of personal jurisdiction because Reddy failed to establish that either general or specific personal jurisdiction existed over her.").  The Supreme Court also denied Plaintiff's petition for writ of certiorari.  *Reddy v. Gilbert Medical Transportation Service, Inc.,* 133 S. Ct. 655 (2012).

Finally, Plaintiff fails to allege any new jurisdictional facts in this action that would require a different result. Although she alleges a few additional claims against Defendant Felicia Slattery that were not alleged in the prior action, those claims arise out of the same transactional nucleus of facts and she does not add any new *jurisdictional* allegations that would cure the original lack of personal jurisdiction.  *See Kendall*, 700 F.2d at 539 ("At best, Kendall alleges a different cause of action to obtain the same relief sought in the state court.  Such an alteration of the nonjurisdictional allegations does nothing to cure the original lack of *in personam* jurisdiction.").

Accordingly, the Court concludes that, pursuant to the principles of issue preclusion or collateral estoppel, Plaintiff cannot re-litigate the issue of personal jurisdiction over Felicia Slattery. Moreover, even if the Court were to consider the issue *de novo*, the Court concludes that it lacks personal jurisdiction over Felicia Slattery.  Felicia Slattery's Motion to Dismiss Complaint is **GRANTED**.  Plaintiff's Complaint against Felicia Slattery is **DISMISSED without prejudice** for lack of personal jurisdiction.

### III. DEFENDANTS' MOTION TO DISMISS ACTION DUE TO FAILURE TO COMPLY WITH VEXATIOUS LITIGANT ORDER

Finally, Defendants move to dismiss this action for Plaintiff's alleged failure to comply with a prior vexatious litigant order issued by the Honorable Alicemarie H. Stotler.  The relevant order issued by Judge Stotler on December 17, 1998 only prohibited Plaintiff from filing papers against certain parties (unless certain conditions were met).   *See* Declaration of Daniel K. Dik at ¶ 2, Exhibit A.  Those parties are not named in this action.

      Defendants erroneously believe that Judge Stotler's Order issued on June 18, 2003 requires Plaintiff to obtain permission before filing any complaint or other paper in the Central District of California, and requires Plaintiff to post a bond of $5,000 before she is allowed to file any document in the Central District of California. *See* Motion at pp. 7-8. However, Judge Stotler's Order issued on June 18, 2003 merely rejected the filing of a proposed complaint in accordance the vexatious litigant order issued on December 17, 1998. *See* Declaration of Daniel K. Dik at ¶ 2, Exhibit A. It did not purport to prohibit Plaintiff from filing any pleadings or papers in any actions not covered by the December 17, 1998 Order.

      The Court declines to declare Plaintiff a vexatious litigant in this action at this time. If Plaintiff continues to file frivolous actions against these defendants, or otherwise continues to engage in harassing conduct, the Court will not hesitate to declare Plaintiff a vexatious litigant upon a renewed motion by Defendants.

      Accordingly, Defendants' Motion to Dismiss Action Due to Failure to Comply with Vexatious Litigant Order is **DENIED**.

      IT IS SO ORDERED.